## DANIEL BYRON *vs.* HENRY CRIPPEN.

A field driver took up a horse going at large in the highway without a keeper, and drove him, without unnecessary delay, to the pound keeper's house, and there left him in the barn, directing the pound keeper's wife to tell her husband, on his return, to put the horse in the pound, which the pound keeper, on his return, did, but the next day took the horse out of the pound, and put him back in his barn, without the field driver's knowledge or consent. *Held*, that the owner of the horse could not maintain replev:n against the field driver.

REPLEVIN of a horse. At the trial in the court of common pleas, there was evidence tending to show that the defendant, a field driver of Grafton, found the plaintiff's horse going at large in the highway, without a keeper, and took him up and drove him to the pound keeper's house, which was sixty or eighty rods from the town pound, and, not finding the pound keeper at home, put the horse into his barn, and requested his wife to tell her husband, when he returned, to put the horse in the pound; that the pound keeper returned in about half an hour, and his wife at once communicated to him the defendant's directions, and he, in compliance therewith, immediately put the horse into the pound; and the next morning, for some reason connected with the condition of the pound, and for convenience of feeding, and without the knowledge or consent of the defendant, took the horse out, and put him in his barn, where he was found and re-plevied by the plaintiff.

*Briggs*, J. instructed the jury that if these facts were proved to their satisfaction, and the defendant took the horse to the pound keeper's house without unnecessary delay, and placed the horse in the barn for the purpose of safety until the pound keeper should arrive, the defendant had so far complied with the require-ments of the law; and that the defendant would not be respon-sible for the removal of the horse by the pound keeper the next morning without the defendant's knowledge or consent. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*S. H. Allen*, for the plaintiff. It is the duty of a field driver

"forthwith" to impound in the town pound beasts taken up and distrained by him. Rev. Sts. *c.* 19, § 22 ; *c.* 113, § 1. *Bruce* v. *Holden,* 21 Pick. 191. *Wild* v. *Skinner,* 23 Pick. 253, 254. The authority conferred on a field driver to perform these duties must be strictly pursued ; and cannot be delegated so as to enable another person to impound beasts in his absence. *Coffin* v. *Field,* 7 Cush. 358. Bac. Ab. Offices & Officers, L.

It is not the duty of the pound keeper, in the absence of the field driver, to drive and impound beasts taken up and restrained in his barn, in his absence, by the field driver, and there abandoned and left until he should return home ; nor could he be made liable for keeping the beast in the barn where the field driver left it. Thomas's Town Officer, Field Drivers, §§ 3, 4, 5, 20, 21.

*W. F. Slocum,* for the defendant. The defendant complied with the statutes as to impounding the horse. Rev. Sts. *c.* 19, § 22 ; *c.* 113, §§ 1, 3. The legal signification of "forthwith" is without unreasonable delay. Bouvier Law Dict. "Forthwith." 1 Chit. Crim. Law, 23, 59. D. Davis's Justice, (3d ed.) 94. *Marblehead Mutual Fire Ins. Co.* v. *Underwood,* 3 Gray, 213. The jury have found that the delay was not unreasonable, and that the defendant put the horse in the pound keeper's barn for the purpose of safety. He was only bound to deliver the beast to the pound keeper. But if it was his duty to take it to the pound, although he could not appoint a deputy generally, he might employ the pound keeper as his servant or bailiff to do a particular act. Broom's Max. (2d ed.) 667. *Parker* v. *Kett,* 1 Ld. Raym. 658, and 12 Mod. 467. *Hunt* v. *Burrel,* 5 Johns. 137.

The defendant is not responsible for the removal of the horse from the pound by the pound keeper, who had the custody of the horse, and is alone responsible for his own malfeasance. Rev. Sts. *c.* 113, § 3. *Pickard* v. *Howe,* 12 Met. 207.

THOMAS, J. We think the instructions of the court below were correct. To "forthwith impound" is to impound without unnecessary delay. The act of impounding by the field driver does not require that he should open or close the gate. The

pound is under the care and in the custody of a keeper e_ected for the purpose. Rev. Sts. *c.* 19, §§ 20, 21.

The field driver, it is plain, was not responsible for the act of the pound keeper in removing the horse from the pound without his direction or consent.         *Exceptions overruled.*